**SIGNED THIS: March 11, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 13-72052 |
| COPENHAVER, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**O P I N I O N**

Before the Court is an Application of the Debtor Pursuant to 11 U.S.C. §363(b) for Entry of an Order Approving the Employment of Dave Moravec as Consultant and Chief Restructuring Officer to the Debtor Effective as of February 1, 2014 ("Employment Application"). For the reasons set forth below, the Employment Application will be denied without prejudice.

**I. Factual and Procedural Background**

Copenhaver, Inc., d/b/a/ W.M. Putnam Co. ("Debtor"), filed its voluntary petition under Chapter 11 on October 28, 2013. The Debtor describes its business as an outsourcer of premise-related products and services for businesses, providing furnishings, interior design, office products, brand management, printing, and consulting services. The Debtor is headquartered in Bloomington, Illinois, and has provided its products and services to a wide range of customers for more than sixty-five years. A significant loss of business from a key customer precipitated the Debtor's bankruptcy filing. The Debtor is represented by Attorney Matthew E. McClintock and the firm of Goldstein & McClintock LLLP.

Early in the case, the Debtor's attorney reported that the Debtor intended to liquidate rather than reorganize. Through prompt asset sales, the Debtor hoped to recognize its going concern value and maximize the ultimate distribution to its creditors. In fact, the Debtor moved quickly to sell its "core assets" including inventory, customer lists and information, equipment, furniture and other personal property, intellectual property rights, contracts and leases, books and records, and goodwill. An order approving the sale of the "core assets" to Martin Graphics and Printing Services, Inc. ("Martin") was entered on December 17, 2013, and the sale closed shortly thereafter. The Debtor has subsequently completed an additional sale to Martin of a Ford van and some miscellaneous warehouse and office equipment and furnishings. Three additional sales to other buyers of vehicles and other personal property not included in the Martin sales have also been approved. During the first four months of its Chapter 11 case, the Debtor has very efficiently liquidated the bulk of its assets for the benefit of its creditors.

On January 27, 2014, the Debtor filed the Employment Application at issue here. The Debtor seeks to employ Dave Moravec, the former president of the Debtor, to be its chief restructuring officer and a consultant. After the case filing, Mr. Moravec continued his regular employment with

the Debtor and was instrumental in completing the sales described above. He also has collected receivables and completed other tasks necessary to wind down the Debtor's business. Mr. Moravec is represented to be the only executive-level employee of the Debtor who has sufficient knowledge of the Debtor's business to be of meaningful continuing assistance in this case. But Mr. Moravec is not able to continue his employment with the Debtor according to its previous terms. The Debtor does not need and cannot afford to have Mr. Moravec work full time. And Mr. Moravec's employment contract with the Debtor was assumed by Martin when it purchased the Debtor's assets. Mr. Moravec is now a full-time employee of Martin. Thus, the Employment Application seeks to hire Mr. Moravec at the rate of $225 per hour on an "as needed" basis to assist the Debtor with remaining asset sales, receivable collections, claim objections, and other winding down issues.

Mr. Moravec filed a verified Declaration in support of the Employment Application. In the Declaration, he acknowledges that he is the former president and remains a director of the Debtor. He also states that he is now an employee of Martin and that Martin holds a $32,000 unsecured claim against the Debtor. Mr. Moravec characterizes Martin's claim as "*de minimis*" and says that the existence of the claim causes no conflict. He says that he has no other conflicts which would impact his employment. He asserts that, if employed, his "compensation is not subject to court oversight." He agrees, however, to maintain time records and to file "fee statements" which would be subject to objection by the United States Trustee ("UST") or other parties in interest.

The Employment Application states that it is brought pursuant to §105 and §363(b) of the Code. *See* 11 U.S.C. §§105, 363(b). Similar to the Declaration of Mr. Moravec, the Employment Application claims that when a "professional" is retained under §363, "there is no 'fee application' requirement."

At the hearing on the Employment Application, the Assistant UST appeared and stated that he was in agreement with the concept of hiring Mr. Moravec but was concerned about certain

procedural aspects of the proposed employment. He stated that he had discussed the employment with the Debtor's counsel before the Employment Application was filed and that he had expected the employment to have been sought in the "normal way" through §327 of the Code. *See* 11 U.S.C. §327. He questioned whether §363(b) provided authority for the employment proposed here.

Counsel for the Debtor responded that employment of Mr. Moravec would not be allowed under §327 because, as a current director of the Debtor, he would not be disinterested. *See* 11 U.S.C. §§101(14), 327(a). He stated that authority had been cited in the Employment Application for the proposition that §363(b) provides a basis for the employment of Mr. Moravec notwithstanding his ineligibility to be employed under §327. When questioned by the Court about whether any authority existed for the proposition that, if hired under §363(b), Mr. Moravec would not be subject to the provisions of Rule 2016, counsel first stated "no" — implying no authority existed — and then said he had done no research on the issue. *See* Fed. R. Bankr. P. 2016.

At the conclusion of the hearing, the Court said that it would grant the Employment Application under two conditions. First, Mr. Moravec would be required to submit an amended declaration acknowledging that he was, in fact, subject to Rule 2016 and required to apply for approval of his compensation. Second, although the simplified procedures for the allowance of interim compensation payments to Mr. Moravec would be approved, Mr. Moravec would be required to file a final fee application subject to court approval when his work was completed. The Court stated that it agreed that the employment of Mr. Moravec was both appropriate and allowable under §363(b). But employment under §363(b) does not release an employed person from all other requirements of the Code and Rules.

The Court further stated that because lead counsel for the Debtor was not present, if the Court's conditions were unacceptable and the Debtor wanted to press the issue of the inapplicability of Rule 2016, a brief on the issue could be submitted in lieu of the amended declaration and revised

order. The Debtor was given twenty-one days to submit the amended declaration and revised order or a brief. The Debtor has now submitted a brief arguing that a person employed under §363(b) has no obligation to comply with Rule 2016. An amended declaration from Mr. Moravec has not been filed and no proposed order containing the Court's conditions has been submitted. Having heard arguments and considered the Debtor's recently-submitted brief, the matter is ready for decision.

## II. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The issues before the Court relate to the administration of the estate and the use of property of the estate and, therefore, constitute core proceedings. *See* 28 U.S.C. §157(b)(2)(A),(M).

## III. Legal Analysis

Generally, trustees may employ attorneys, accountants, appraisers, auctioneers, and other professionals after obtaining court approval. 11 U.S.C. §327(a). Those professionals are then entitled to reasonable compensation and reimbursement for actual expenses which may be awarded after parties in interest have received notice and have had an opportunity to be heard. 11 U.S.C. §330(a)(1). Professionals employed under §327 may file requests for interim compensation on a quarterly basis. 11 U.S.C. §331. Although these provisions refer specifically to the employment of professionals by trustees, the provisions apply equally to the employment and compensation of professionals by debtors in possession. *See* 11 U.S.C. §1107(a). In order to be employed, professionals must not hold an interest adverse to the estate, must be disinterested, and must make a formal application to be employed which includes a verified statement regarding the person's connections to other persons or entities involved in the case. 11 U.S.C. §327(a); Fed. R. Bankr. P. 2014(a). Compensation is awarded based on a variety of factors, including time and rates, and upon

the filing of a detailed application. 11 U.S.C. §330(a)(3); Fed. R. Bankr. P. 2016.

These standard or "normal" processes for employment do not always fit neatly within the circumstances of particular cases. The person to be employed might not be a professional or might not be fully disinterested and, therefore, not eligible to be employed under §327. To address such circumstances, the Debtor suggests that employment may be allowed under §363(b) rather than §327 and claims that an extensive line of case law supports the use of §363(b) for the retention of consultants and restructuring officers.

There is some limited case law support for the theory. *See, e.g.*, *In re The 1031 Tax Group, LLC*, 2007 WL 2085384, at *5 (Bankr. S.D.N.Y. July 17, 2007); *In re ITG Vegas, Inc*., 2007 WL 1087212, at *3 (Bankr. S.D. Fla. Apr. 3, 2007). The concept of employment under §363(b) is straightforward. If the business of a debtor is being operated, the trustee or debtor in possession may use property of the estate in the ordinary course without notice or hearing. 11 U.S.C. §363(c). When a proposed use of property is in furtherance of operating a debtor's business but is out of the ordinary course, authority must be obtained under §363(b). The use will be allowed after notice and hearing if a valid business justification exists. *See 1031 Tax Group*, 2007 WL 2085384, at *5. And when a sufficient business purpose has been established, paying the costs associated with the employment of a restructuring officer may be authorized as a proper use of a debtor's property. *Id*.

But the case law is far from extensive, and the use of §363(b) as authority for allowing employment has also been met with criticism as an improper method of circumventing the otherwise applicable requirements of the Code and Rules. *See, e.g.*, *In re Blue Stone Real Estate, Const. & Development Corp*., 392 B.R. 897, 906-07 (Bankr. M.D. Fla. 2008). And of particular concern is the suggestion that retention under §363(b) may limit a court's oversight of the conduct and compensation of the employed person. *Id.* at 907, n.14. "Generally, financial advisors, workout specialists and consultants are, for the purpose of Section 327 of the Bankruptcy Code,

'professionals.'" *In re Madison Management Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992). When employment is proposed for one of these positions, the procedures required by §327 should be followed in order to further the policies of ensuring that employed persons are impartial and that the costs and administrative expenses of a case remain subject to judicial oversight. *Blue Stone Real Estate*, 392 B.R. at 907, n.14.

Here, the Debtor seeks to employ a current director who is, by definition, not disinterested. *See* 11 U.S.C. §101(14). Mr. Moravec also has a potential conflict of interest because he now works for an unsecured creditor. Thus, he is clearly ineligible to be employed under §327. Nevertheless, his services are needed. He has the knowledge necessary to help collect receivables, resolve claims, and assist the Debtor's attorneys in completing the liquidation of the company's assets. He is apparently the only former employee of the Debtor who can fill the role, and he is willing to do the job. If he is not hired, the Debtor will have to look for assistance elsewhere, which may be much more expensive to obtain or, because of the relatively modest size of this case, not obtainable at all.

The Debtor has established that a valid business justification exists for the employment of Mr. Moravec, and common sense dictates approval of the employment. Mr. Moravec has been working for the Debtor in the ordinary course of business since the case was filed. His proposed employment now is, in large measure, a continuation of his prior employment albeit under different terms and out of the ordinary course. As the Debtor suggests, under these unique circumstances, §363(b) provides authority for the use of the Debtor's property to pay the costs associated with the employment. *See 1031 Tax Group*, 2007 WL 2085384, at *5. For the limited purposes sought in the Employment Application, the employment of Mr. Moravec may be approved pursuant to §363(b) notwithstanding his ineligibility to be employed under §327.

The disputed issue is whether employment under §363(b) removes the employed person from the "oversight" of the Court, as Mr. Moravec claims. The Debtor has not provided any compelling

authority for the proposition that employing a person or entity under §363(b) results in the employment being excepted from all otherwise applicable provisions of the Code and Rules. The argument on its face is counterintuitive. Here, §363(b) is being used to employ a person who is not disinterested and has potential conflicts. It makes little sense to suggest that a mandatory result of the approval of such employment is less supervision and control by the Court and other interested parties than would occur if the employed person were disinterested and had no potential conflicts. The Code and Rules do not require such a result.

The Debtor argues that because the employment here is not proposed under §327 and, therefore, the fee application requirements of §330 will not apply, no fee application requirements apply. But the requirements under the Code and Rules for obtaining approval for the payment of post-petition expenses, including fees, are broader than the provisions of §330. All expenses for which administrative priority is sought must be approved after notice and hearing. 11 U.S.C. §503(b). This includes not only requests under §330, but requests for payment of any actual and necessary expenses of preserving the estate. 11 U.S.C. §503(b)(1)(A). And transfers to officers, managers, and consultants made outside of the ordinary course of business are specifically required to be "justified by the facts and circumstances of the case" to be allowed and granted administrative expense priority. 11 U.S.C. §503(c)(3). The requirement to file an application for compensation applies to any person or entity that seeks compensation for services or reimbursement of expenses. Fed. R. Bankr. P. 2016(a).

In support of its position that no fee application of any type is required and, hence, no court approval is needed to pay compensation to a person employed under §363(b), the Debtor has cited a number of unpublished orders from courts around the country. *See In re Metro Fuel Oil Corp.*, No. 12-46913 (ESS) (Bankr. E.D.N.Y. Nov. 14, 2008), Docket No. 178; *In re Borders Group, Inc.*, No. 11-10614 (Bankr. S.D.N.Y. Mar. 16, 2011), Docket No. 397; *In re General Motors Corp.*, No. 09-

50026 (REG) (Bankr. S.D.N.Y. June 25, 2009), Docket No. 2534; *In re Hartford Computer Hardware, Inc.*, No. 11-49744 (PSH) (Bankr. N.D. Ill. Apr. 12, 2012), Docket No. 270; *In re Interfaith Medical Center*, No. 12-48226 (Bankr. E.D.N.Y. Jan. 25, 2013), Docket No. 177; *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008), Docket No. 2278; *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. Aug. 16, 2012), Docket No. 371; *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Mar. 5, 2013), Docket No. 3103; *In re Qualteq, Inc.*, No. 11-12572 (KJC) (Bankr. D. Del. Sept. 2, 2011), Docket No. 101.

The cited orders do not support the Debtor's position. None of the orders fully disclose what is being approved by the particular orders because each of them refers to a related motion, application, engagement letter, declaration, or other document for the details of the employment at issue. And although the orders all say that employment under §363(b) is being approved and some then note that the fee application requirements of §330 and §331 do not apply, none of the orders say that neither §503 nor Rule 2016 applies. To the contrary, several of the orders specifically reference the applicability of §503. *See, e.g.*, *Interfaith Medical Center*, No. 12-48226, Docket No. 177 at ¶8; *Qualteq*, No. 11-12572, Docket No. 101 at ¶5. And at least one order specifically recites that it is being entered pursuant to Rule 2016. *See Metro Fuel Oil Corp.*, No. 12-46913 (ESS), Docket No. 178 at 1.

More importantly, all of the orders require the monthly or quarterly reporting of fees and expense charges by the person to be employed and provide some mechanism for parties in interest to receive notice and have an opportunity to be heard on objections to those fees and charges. A number of the orders allow only fixed or objectively-set fees to be paid through the particular review process established in the case and prohibit the payment of success fees or other incentive compensation without further application. *See, e.g.*, *Metro Fuel Oil Corp.*, No. 12-46913 (ESS), Docket 178 at ¶15; *Borders Group, Inc.*, No. 11-10614, Docket No. 397 at 6.

The Debtor also relies on a recent article on restructuring officer employment trends for the proposition that fee applications are not required when employment is allowed pursuant to §363(b). *See* Timothy W. Brink & James R. Irving, *Emerging Trends and Lingering Criticisms: A CRO Retention Update*, AM. BANKR. INST. L.J., Sept. 2013, at 18. But the article suggests only that when retention is under §363(b) and not under §327, the fee application requirements of §330 and §331 do not apply. *Id*. The article does not discuss the applicability of §503 or Rule 2016 to employment under §363(b). But the authors do say that the protocols developing around the country for employment under §363(b) generally require that compensation be reviewed under a reasonableness standard at the end of a case. *Id*. Interestingly, the authors also suggest that under the emerging protocols, disinterestedness is required for employment under §363(b) just as it would be under §327. *Id*. As a whole, the article undercuts rather than supports approval of the Employment Application.

The Debtor is correct that the §330 fee application requirements apply only to the specific types of employment referred to at §330(a)(1). But the Debtor incorrectly assumes that §330 is the only basis for requiring a fee application and ignores the clear applicability of §503 and Rule 2016 to the employment requested here. And the Debtor also appears not to understand that when the constraints of §330 and §331 do not apply, fee applications may be made in different forms, at different times, and with different procedures for review than what may be required when the constraints do apply. When employment is sought on a flat or fixed fee basis or under terms which require only an objective calculation, fees may be approved at the same time as employment is approved. Interim methods for allowing payments may be structured to meet the circumstances of a particular employee or business. The amount of detail required, even in a final application, may be tailored to what is reasonable under the specific circumstances.

Here, it is proposed that Mr. Moravec be paid an hourly rate, but the number of hours he will

work and the duration of his continued employment are unknown. His fees are not fixed, nor can they be computed on a wholly objective basis. Thus, his fees cannot be pre-approved as part of the employment process. He must keep track of his time and provide that detail in order to have his fees allowed and paid with administrative expense priority.

The employment of Mr. Moravec under §363(b) is appropriate here although granting the approval is, quite frankly, somewhat of a stretch. He is not disinterested and that is a problem. But his tasks will be limited and the unique circumstances here compel the result. Nothing herein should be construed, however, as suggesting that §363(b) creates a broad basis for employment of professionals or may serve as an alternative method of employment at the discretion of a debtor. To the contrary, absent unique and compelling circumstances, §327 controls the employment of professionals. *See Blue Stone Real Estate*, 392 B.R. at 907.

In his Declaration, Mr. Moravec volunteered to file periodic fee reports subject to objection by the UST and other parties in interest. Although this Court has no reason to doubt the sincerity or good faith of Mr. Moravec or the Debtor's attorneys in making the offer, a voluntary promise to file the reports is simply insufficient to meet the requirements of the Code and Rules. Mr. Moravec is obviously operating under the assumption that his fees are not subject to court oversight and that whatever he provides in terms of records is gratuitous. He cannot be employed until he acknowledges that his assumption is wrong and his fees are, in fact, subject to court review and approval. If a problem arises later and his fee reports are not filed or are incomplete or inaccurate, this Court will not consider as a defense that he was not required to file the fee reports in the first place. Clarifying his obligations regarding the fee reports and the requirement for a final fee application now rather than later is in the best interest of all concerned, including Mr. Moravec.

### IV. Conclusion

Because the Debtor declined the option of having Mr. Moravec file an amended declaration acknowledging that his fees are subject to court oversight and to include a requirement in the order that a final fee application must be filed and will be reviewed for reasonableness, the Employment Application must be denied. The Court's conditions for approval of the Employment Application were consistent with the Code, Rules, and all of the authority cited by the Debtor. The denial will be without prejudice, and the Debtor may file an amended employment application consistent with this Opinion.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###